[Cite as *Rentequip, Inc. v. Jacobs Vanaman Agency, Inc.*, 2013-Ohio-346.]

COURT OF APPEALS
COSHOCTON COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| RENTEQUIP, INC. | JUDGES: |
| | Hon. Sheila G. Farmer, P.J. |
| Plaintiff-Appellee | Hon. John W. Wise, J. |
| | Hon. Julie A. Edwards, J. |
| -vs- | |
| | |
| JACOBS VANAMAN AGENCY, INC., | |
| ET AL. | Case No. 12-CA-0006 |
| | |
| Defendants-Appellants | O P I N I O N |

CHARACTER OF PROCEEDING:           Appeal from the Court of Common
                                   Pleas, Case No. 09-CI-0914


JUDGMENT:                          Affirmed in Part & Reversed in Part



DATE OF JUDGMENT:                  February 1, 2013



APPEARANCES:

For Plaintiff-Appellee                    For Defendants-Appellants

GARY T. MANTKOWSKI                        MARK S. HURA
6294 Ridge Road                           50 South Main Street
P.O. Box 189                              Suite 615
Sharon Center, OH  44274                  Akron, OH  44308

DANIEL MCKAY, JR.                         ANN MARIE O'BRIEN
550 Pacific Beach Drive, Apt. 1           One Cascade Plaza, Suite 800
San Diego, CA  92109                      Akron, OH  44308

                                          COSHOCTON PROJECT, LLC
                                          c/o Ohio Secretary of State
                                          180 East Broad Street, 16th Floor
                                          Columbus, OH  43215

*Farmer, P.J.*

{¶1} On August 10 and October 5, 2007, Antique Wood and Salvage, LLC, owned by Daniel McKay, Jr., entered into contracts to rent two pieces of equipment from appellee, RentEquip, Inc., for a project he was working on called the Coshocton Project, LLC.

{¶2} In April of 2008, Mr. McKay sought to purchase insurance for the rented equipment from appellant, Jacobs Vanaman Agency, Inc. Appellee was listed as an additional insured, and received an "Evidence of Property Insurance" form on May 9, 2008. However, Mr. McKay never signed the insurance application and never paid the premium.

{¶3} Both pieces of equipment were subsequently damaged while in Mr. McKay's care. Appellee repossessed the equipment in August of 2008, and made a claim under the insurance policy. Said claim was denied.

{¶4} On June 18, 2009, appellee filed a complaint against appellant in the Court of Common Pleas of Medina County, Ohio, alleging negligence and promissory estoppel. Appellant filed a third-party complaint against Mr. McKay and Coshocton Project. The case was subsequently transferred to the Court of Common Pleas of Coshocton County, Ohio.

{¶5} On April 11, 2011, appellant received leave to file its motion for summary judgment. By judgment entry filed June 6, 2011, the trial court denied the motion. An amended complaint was filed on June 24, 2011.

{¶6} A jury trial commenced on February 27, 2012. The jury found in favor of appellant on the promissory estoppel claim and in favor of appellee on the negligence

claim in the amount of $6,286.65. The jury allocated the percentage of negligence to appellee at 80% and to appellant at 20%. Because more than 50% was allocated to appellee, the trial court informed the jury no money would be awarded to appellee.

{¶7} Following post-trial briefing, on March 26, 2012, the trial court entered judgment for appellee as against appellant in the amount of $6,286.65. The trial court also awarded judgment to appellant as against Mr. McKay and Coshocton Project, finding the parties were jointly and severally liable for the $6,286.65.

{¶8} Appellant filed an appeal and assigned the following assignments of error:

I

{¶9} "THE TRIAL COURT ERRED IN DENYING APPELLANT JACOBS VANAMAN'S MOTION FOR SUMMARY JUDGMENT."

II

{¶10} "THE TRIAL COURT ERRED IN FAILING TO FOLLOW THE INTENT OF THE JURY BY NOT ENTERING A VERDICT FOR THE DEFENDANT/APPELLANT ON THE NEGLIGENCE CLAIM."

{¶11} Appellee filed a cross-appeal and assigned the following assignment of error:

CROSS-ASSIGNMENT OF ERROR I

{¶12} "THE TRIAL COURT ERRED WHEN IT FAILED TO ADDRESS THE INCONSISTENCY BETWEEN INTERROGATORY NO. 6 AND THE GENERAL VERDICT."

{¶13} This matter is now before this court for consideration.

I

{¶14} Appellant claims the trial court erred in denying its motion for summary judgment as there was no meeting of the minds between the parties and therefore no contract. We disagree.

{¶15} Summary Judgment motions are to be resolved in light of the dictates of Civ.R. 56. Said rule was reaffirmed by the Supreme Court of Ohio in *State ex rel. Zimmerman v. Tompkins,* 75 Ohio St.3d 447, 448, 1996-Ohio-211:

> Civ.R. 56(C)  provides that before summary judgment may be granted, it must be determined that (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. *State ex. rel. Parsons v. Fleming* (1994), 68 Ohio St.3d 509, 511, 628 N.E.2d 1377, 1379, citing *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O3d 466, 472, 364 N.E.2d 267, 274.

{¶16} As an appellate court reviewing summary judgment motions, we must stand in the shoes of the trial court and review summary judgments on the same standard and evidence as the trial court*. Smiddy v. The Wedding Party, Inc.,* 30 Ohio St.3d 35 (1987).

{¶17} The gravamen of appellant's motion for summary judgment is best summarized in the motion itself:

RentEquip, Inc. contracted with Antique Wood. The Jacobs Vanaman Agency, Inc. was prepared to issue an insurance policy to Coshocton Project, LLC. These are two distinct and different corporate entities. Plaintiff RentEquip, Inc. is legally prohibited from making a claim under a[n] "Evidence of Property Insurance" issued to Coshocton Project, LLC, when they had no dealings with Coshocton Project, LLC.

Further, the two pieces of equipment listed on the "Evidence of Property Insurance" were not the two pieces of equipment rented by RentEquip, Inc. to Antique Wood. The damaged equipment allegedly reposed by RentEquip, Inc. were not the pieces of equipment that were intended to be insured, as described, in the "Evidence of Property Insurance."

{¶18} Appellant argues there was no meeting of the minds to establish an insurance contract. The attached exhibits to the motion for summary judgment demonstrate that appellee leased its machinery to "Antique Wood" owned by Mr. McKay. The "Evidence of Property Insurance" form issued by appellant covering the equipment listed the named insured as "Coshocton Project LLC" which is also owned by Mr. McKay. In its judgment entry filed March 26, 2012, the trial court found in favor of

appellant on its third-party complaint against Mr. McKay and Coshocton Project, finding the parties were jointly and severally liable for the amount awarded to appellee.

{¶19} In response, appellee argues Mr. McKay contracted to rent equipment for his company, "Coshocton Project, LLC," despite the obvious contradiction on the rental invoice (Antique Wood). See, Affidavit of Appellee's President, James J. Brown at ¶2.

{¶20} Appellant also argues there was a discrepancy with the description of the rented equipment. Listed in the "Evidence of Property Insurance" were a 2008 ASV Skidsteer and a 2008 Reach-All. In his affidavit at ¶2, Mr. Brown averred those were the two pieces of equipment rented per the agreements attached to his affidavit as Exhibits 1 and 2.

{¶21} Under the summary judgment standard, the Brown affidavit created genuine issues of material fact. Upon review, we find the trial court did not err in denying appellant's motion for summary judgment.

{¶22} Assignment of Error I is denied.

II

{¶23} Appellant claims the trial court erred in entering judgment for appellee in the amount of $6,286.65 on the negligence claim contra to the "intent of the jury" as demonstrated by the verdict forms, the interrogatories, and the trial court's statement to the jury.

{¶24} In its judgment entry filed March 26, 2012, the trial court found the following:

**FINDS** that as this Jury was instructed by the undersigned on Page 13, "… [T]he **Negligence** of either Defendant Jacobs Vanaman Agency, Inc., or Plaintiff Rentequip, Inc., becomes important **only** if **Negligence** was a **proximate cause** of the monetary damages claimed by the Plaintiff." In other words, regardless of a finding by the Jury that either Plaintiff or Defendant was **Negligent,** and regardless of the percentage of **Negligence** of a party with respect to total combined **Negligence** equaling one hundred percent (100%), the particular **Negligence** of a party is of no legal significance or consequence if the **Negligence** is **not** a **proximate cause** of Plaintiff's monetary damages.

{¶25} The verdict form on the negligence claim and Interrogatory Nos. 1, 2, 3, 4, and 5 read the following, respectively:

We the Jury, duly impaneled and sworn, find in favor of the Plaintiff, Rentequip, Inc., and against Defendant Jacobs Vanaman Agency, Inc., pertaining to Plaintiff's **Negligence** Claim as follows: **(Complete only after appropriate Interrogatories are answered)**

$6,286.65

We render this verdict upon the agreement of at least six of our members that being at least three-fourths (3/4) or more.

[1] Do you find, by a **preponderance of the evidence,** that Defendant Jacobs Vanaman Agency, Inc. was **negligent** in the business transaction involving Rentequip, Inc., in question?

Yes

[2] Do you find, by a **preponderance of the evidence,** that the **negligence** of Jacobs Vanaman Agency, Inc. was a **proximate cause** of monetary damages to Plaintiff, Rentequip, Inc.?

Yes

[3] Do you find, by a preponderance of the evidence that Plaintiff, Rentequip Inc., was **negligent** in the business transaction involving Jacobs Vanaman Agency Inc., in question?

Yes

[4] Do you find, by a **preponderance of the evidence,** that the negligence of Plaintiff, Rentequip Inc., was a proximate cause of monetary damages to Plaintiff?

No

[5] If your answers to **Interrogatory Nos. 1 and 2** are Yes and regardless of your answers to **Interrogatories No. 3 and 4**, what amount of money will fully and fairly compensate Plaintiff for its Negligence Claim against Defendant Jacobs Vanaman Agency Inc.?

$6,286.65

Also, please allocate the percentage of negligence attributable to Plaintiff and Defendant relating to the business transaction in question.

Rentequip Inc.                                 80%

Jacobs Vanaman Agency Inc.         20%

Total   100%

{¶26} Following the polling of the jury, the trial court instructed the jury as follows (T. at 507):

Now, ladies and gentlemen, I am going to announce to you, because I believe this is the law, and the counsel can correct me if I am mistaken, that when you found that the percentage of negligence of the Plaintiff is greater than the amount or percentage of negligence of the Defendant in this case, the verdict of 6,286.65 will not be awarded. And that is because the negligence of the Plaintiff is greater than that of the Defendant, 51 percent or greater. And the law requires that that be the decision the judge makes concerning the verdict. You did your work. I, of course, am going to do mine as the law requires. I wanted you to know that so you were not surprised or upset or concerned that if there is any report on the outcome of the trial that somehow you would think the outcome is different from what you decided. Do you have any questions about what I have just said in that regard? Okay. All right.

{¶27} Appellee did not object to what the trial court stated, but did object to Interrogatory Nos. 4, 5, 6 and the verdict on promissory estoppel. T. at 509-510. The

trial court instructed counsel to file post-trial briefs on the issues.   T. at 510.   After briefing, the trial court determined the following in its judgment entry filed March 26, 2012:

**FINDS** that regardless of the answer to **Interrogatory No. 5** by the Jury allocating eighty percent (80%) **negligence** to Rentequip, and twenty (20%)  **negligence** to Jacobs Vanaman Agency, Inc., the fact that the Jury concluded that Rentequip, Inc.'s eighty percent (80%) **negligence** was **not** a **proximate cause** of Rentequip, Inc.'s monetary damages compels the legal conclusion that the twenty percent (20%) of the total **negligence** of Jacobs Vanaman Agency, Inc., found by the Jury, constitutes one hundred percent (100%) of the **negligence** proximately causing monetary damages to Rentequip, Inc.   Consequently, the Six Thousand Two Hundred Eighty-Six Dollars and 65/100 Cents ($6,286.65) Verdict returned by the Jury in favor of Rentequip, Inc., and against Defendant Jacobs Vanaman Agency, Inc., is appropriate and consistent with the Jury's answers to **Interrogatories No. 1, 2, 3 and 4** relating to the **negligence** of Rentequip, Inc.

\*\*\*

**FINDS**  that  Defendant/Third-party  Plaintiff  Jacobs  Vanaman Agency, Inc., has proved its Third Party Complaint against Third-Party Defendants Daniel W. McKay, Jr., and Coshocton Project, LLC., by a **preponderance of the evidence**, and, consequently, Judgment should

be awarded to Defendant/Third-Party Plaintiff Jacobs Vanaman Agency, Inc., and against Third-party Defendant Daniel W. McKay, Jr., and Coshocton Project, L.L.C., jointly and severally, in the amount of Six Thousand Two Hundred Eighty-Six Dollars and 65/100 Cents ($6,286.65) which should bear annual interest at the legal rate from the date of judgment.

{¶28} A preliminary issue is the appropriateness of a comparative negligence jury charge on a claim for negligence. A "tort action" is defined in R.C. 2315.18(A)(7) as follows:

"Tort action" means a civil action for damages for injury or loss to person or property. "Tort action" includes a civil action upon a product liability claim or an asbestos claim. "Tort action" does not include a civil action upon a medical claim, dental claim, optometric claim, or chiropractic claim or a civil action for damages for a breach of contract or another agreement between persons.

{¶29} Although the amended complaint is couched in terms of negligence against appellant, the true nature of the relationship of appellant was as an agent for Mr. McKay and his companies. The negligence claim is viable against Mr. McKay, and the cause of action against appellant by appellee is in contract or in the enforcement of the

insurance agreement. Appellant's failure to notify appellee of the non-payment of the insurance premium by Mr. McKay was not the cause of the injury to appellee's property.

{¶30} Upon review, we find the trial court erred in charging the jury on comparative fault and negligence.

{¶31} Assignment of Error II is granted.

### CROSS-ASSIGNMENT OF ERROR I

{¶32} Appellee claims the trial court erred in entering judgment to appellant on the promissory estoppel claim because the jury failed to award any damages. We disagree.

{¶33} The verdict form on the promissory estoppel claim and Interrogatory No. 6 read the following, respectively:

> We the Jury, duly impaneled and sworn, find in favor of the Plaintiff, Rentequip, Inc., and against Defendant Jacobs Vanaman Agency, Inc., pertaining to Plaintiff's **Promissory Estoppel** Claim as follows: **(Complete only after appropriate Interrogatories are answered)**
>
> $0.00
>
> We render this verdict upon the agreement of at least six of our members that being at least three-fourths(3/4) or more.
>
> [6] Do you find, by a **preponderance of the evidence,** that Plaintiff has proved its **Promissory Estoppel** Claim against Defendant Jacobs Vanaman Agency Inc.?
>
> Yes

{¶34} In its judgment entry filed March 26, 2012, the trial court concluded the following:

> **FINDS** that in the opinion of the undersigned, the Jurors had discretion and authority to conclude that Plaintiff had proved its claim of **Promissory Estoppel** by a preponderance of the evidence but that its monetary damages were Zero Dollars ($0.00).  Thus, a Verdict in favor of Plaintiff rendering no monetary damages is consistent with the Jury's answers of "Yes" to **Interrogatory No. 6** "Do you find, by a **preponderance of the evidence,** that Plaintiff has proved its **Promissory Estoppel** claim against Defendant Jacobs Vanaman Agency, Inc.?" and its answer of "$0.00" to **Interrogatory No. 7** "If your answer to **Interrogatory No. 6** is **Yes**, what amount of money will fully and fairly compensate Plaintiff for its **Promissory Estoppel** claim against Defendant Jacobs Vanaman Agency, Inc.?

{¶35} Appellee argues pursuant to Civ.R. 49(B), the trial court could have granted a judgment in accordance with the answer or reconvened the jury or ordered a new trial.  However, in reading all the interrogatories, it is clear in Interrogatory No. 7 that the jury determined no award of damages was appropriate:

If your answer to **Interrogatory No. 6** is **yes,** what amount of money will fully and fairly compensate Plaintiff for its **Promissory Estoppel** Claim against Defendant Jacobs Vanaman Agency, Inc.?

$0.00

{¶36}  This decision is consistent with the trial court's discussion of the verdicts before he excused the jury.

{¶37}  Upon review, we find the trial court did not err in finding no award of damages to appellee on its promissory estoppel claim.

{¶38}  Cross-Assignment of Error I is denied.

{¶39}  The judgment of the Court of Common Pleas of Coshocton County, Ohio is hereby affirmed in part and reversed in part.

By Farmer, P.J.

Wise, J. concur and

Edwards, J. concurs in part and dissents in part.

S/ Sheila G. Farmer_____

S/ John W. Wise_____

_____
JUDGES

SGF/sg 11/29

EDWARDS, J., CONCURRING IN PART AND DISSENTING IN PART OPINION

{¶40} I agree with the majority that this case should be reversed but I disagree as to the reason. Essentially, I find that, as between Rent Equipment and Vanaman, this case should have proceeded solely on the negligent misrepresentation claim and no other.

{¶41} I would sustain the first assignment of error in part. I find that Vanaman's Motion for Summary Judgment should have been granted in part. It appears the trial court considered the claims of promissory estoppel and negligent misrepresentation as between Rent Equipment and Vanaman in its ruling on the Motion for Summary Judgment.

{¶42} I find that the Motion for Summary Judgment should have been granted to Vanaman regarding the promissory estoppel claim. No promise to insure exists directly between Vanaman Agency and Rent Equipment. Rent Equipment merely received an Evidence of Property Insurance which would evidence an agreement and/or promise between Vanaman Agency and the Coshocton Project.

{¶43} In addition, any analysis of this case focusing on a contract analysis is misplaced. As between Rent Equipment and Vanaman Agency, this is a case pleaded as a negligent misrepresentation case. There clearly is no contract. None was ever entered into between Antique Wood and Vanaman or between Coshocton Project and Vanaman. No contract was ever intended to be entered into between Rent Equipment and Vanaman even though Rent Equipment's interest in the property rented to Antique Wood would be protected by the insurance obtained by Antique Wood and/or Coshocton Project for its use of the Rent Equipment property.

**{¶44}** The question is whether the Vanaman Agency in the course of its business, supplied false information for the guidance of Rent Equipment in its business transactions and whether the Vanaman Agency failed to exercise reasonable care in obtaining and communicating this information to Rent Equipment and whether Rent Equipment suffered losses caused by its justifiable reliance on this information. *Delman v. Cleveland Hts.,* 41 Ohio St.3d 1, 4, 534 N.E.2d 835 (1989).

**{¶45}** Therefore, while I agree with the majority that this matter should have survived summary judgment, it is because there were jury questions regarding, inter alia, justifiable reliance by Rent Equipment on the documentation received from the Vanaman Agency.

**{¶46}** I concede that my position on negligent misrepresentation in this context has changed since authoring the Opinion in *LU-AN-DO, Inc. v. Kloots*, 131 Ohio App.3d 71, 721 N.E.2d 507 (1999). In that case, this Court found that, as a matter of law, the issuance of a Certificate of Insurance to a certificate holder who is not a customer of the insurance agent issuing the certificate, fails to create a duty from the certificate issuer to the certificate holder. Id. at 75.

**{¶47}** I agree with the majority that the second assignment of error should be sustained, but I do so because the trial court should not have entered judgment based on the confusing answers to the interrogatories. The majority finds that the trial court erred in charging the jury on comparative fault and negligence. I disagree. I find that comparative negligence would be proper in a negligent misrepresentation case, which is the nature of the claim by Rent Equipment against the Vanaman Agency.

**{¶48}** The problem with the jury instructions is not that they covered comparative negligence, but that they were slightly confusing regarding comparative negligence in a negligent misrepresentation case and that they also covered promissory estoppel, which is a claim that never should have reached the jury. The Vanaman Agency had a duty to exercise reasonable care in obtaining and communicating information to Rent Equipment regarding whether items belonging to Rent Equipment had been insured, what items of Rent Equipment had been insured and what business entity had purchased the insurance. Rent Equipment had a duty to examine the notice of coverage to see if the notice indicated that the items rented from it had been insured by the entity renting the items from Rent Equipment. If both parties violated their respective duties of care, and Rent Equipment suffered monetary losses because it relied on the notice of insurance in not protecting itself from damage loss to its equipment, the jury must determine which party was more at fault. The only time the intended contract of insurance would come into play is in determining damages. In other words, if Antique Wood and/or Coshocton Project had correctly purchased the required insurance, what would Rent Equipment have been entitled to under the policy.

**{¶49}** As to the first cross-assignment of error, I disagree with the majority. I find there is an inconsistency with the jury's determination that Rent Equipment proved its claim of promissory estoppel against the Vanaman Agency but did not award damages. Promissory estoppel by definition requires as one of its elements that the party claiming estoppel must be injured by the reliance. *Sims v. Midvale*, 5th Dist. No. 2012AP030021, 2012-Ohio-6081.

But, because I find that negligent misrepresentation is the only claim that should have gotten to the jury as between Rent Equipment and the Vanaman Agency, and that this case should be reversed and retried on that theory as between those parties, any discussion on promissory estoppel is moot.

_____

Judge Julie A. Edwards

JAE/rmn

[Cite as *Rentequip, Inc. v. Jacobs Vanaman Agency, Inc.*, 2013-Ohio-346.]

IN THE COURT OF APPEALS FOR COSHOCTON COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| RENTEQUIP, INC. | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| JACOBS VANAMAN AGENCY, INC., ET AL. | : | |
| | : | |
| Defendants-Appellants | : | CASE NO. 12-CA-0006 |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Coshocton County, Ohio is affirmed in part and reversed in part.  Costs to be divided equally between appellant and appellee.


S/ Sheila G. Farmer_____


S/ John W. Wise_____


_____

JUDGES