McKEAGUE, Circuit Judge, dissenting. My colleagues correctly recognize that the district court awarded summary judgment to Liberty Mutual for lack of evidence of an essential element of Abboud’s claim, i.e., that he justifiably relied on a negligent misrepresentation allegedly made by an unidentified employee over the phone. Today we reverse, the court’s ruling without identifying what evidence could be deemed to render Abboud’s reliance justifiable. Because I see no error in the district court’s application of Ohio law to the record facts, I respectfully dissent. The district court explained its reasoning with detailed references to Abboud’s own deposition testimony. Abboud conceded that he read the provisions of the subject policies on receipt and understood that the language in those provisions did not support his claimed understanding that he is entitled to uninsured/underin-sured motorist coverage. His asserted understanding, admittedly at odds with the policy language, is based on an alleged telephonic misrepresentation of an unidentified Liberty Mutual employee months before he received the first such policy. Under Ohio law, “reliance is justified if the representation does not appear unreasonable on its face and if, under the circumstances, there is no apparent reason to doubt the veracity of the representation.” Lu-An-Do, Inc. v. Kloots, 131 Ohio App.3d 71, 721 N.E.2d 507, 514 (5th Dist. 1999). Here, Abboud himself admitted reading and understanding policy language that was directly at odds with what he says he was told over the phone, representing abundant reason to doubt the veracity of the oral representation. Yet, he accepted the policy and paid the reduced premium without making any further inquiry. I fail to see how this can amount to justifiable reliance under Ohio law. In response to the motion for summary judgment, Abboud was obliged to come forward with evidence — more than a mere scintilla — tending to support a reasonable finding that his reliance on the telephonic representation was justifiable, despite his acknowledgement of its inconsistency with the policy language. In my opinion, the district court properly concluded that the record is devoid of such evidence and Ab-boud’s appellate briefing has failed to expose any error in the district court’s reasoning. In reaching a contrary result, the majority has not identified the missing evidence. Rather, my colleagues have subtly reformulated the standard, observing that “it is not unjustifiable to rely on the statements of a Liberty Mutual sales employee” and that “the application cannot be construed as confirming the absence of UM/UIM insurance.” Maj. Op. at 777-79, 779 (emphasis added). It seems to me the majority has effectively reversed the parties’ burdens. In response to Liberty Mutual’s motion, it is Abboud who has the burden of adducing evidence sufficient to create a genuine issue of material fact to forestall summary judgment — a burden he has not met. “No problem,” says the court. Today we impose on Liberty Mutual, as a condition of affirming the award of summary judgment, the burden of showing that all possibility of Abboud’s sustaining his claim in trial is foreclosed. That’s just not how the summary judgment process, “a sort of trial on the paper record,” is designed to work. Street v. J.C. Bradford & Co., 886 F.2d 1472, 1480-81 (6th Cir. 1989). Accordingly, I respectfully DISSENT.